Filed 1/28/21  P. v. Aguilar CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B305389 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A464812) |
| v. | |
| HECTOR RICHARD AGUILAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Charles S. Lee and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Hector Richard Aguilar (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code section 1170.95.[1] This was error because the record of conviction did not foreclose relief as a matter of law. Accordingly, we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts[2]

#### A.    *The underlying crime*

On January 5, 1985, defendant and a fellow gang member got into an argument with a rival gang member named Alex Alvara (Alvara) in a parking lot. After the verbal tiff, Alvara got into a car driven by Joe Hernandez (Hernandez) and carrying three other passengers; the car departed the parking lot. Angry about the tiff, defendant drove his car alongside Hernandez's car. Defendant's fellow gang member then fired five or six shots from a 35-inch rifle. One bullet killed Hernandez; another severely wounded one of the other passengers.

#### B.    *Charging, conviction and appeal*

The People charged defendant with the first degree murder of Hernandez (§ 187, subd. (a)), and the attempted murder of the other four passengers (§§ 187, subd. (a), 664). At trial, defendant testified that his initial "plan" with his fellow gang member was

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction on appeal. (*People v. Aguilar* (June 29, 1987, B017711) [nonpub. opn.].)

2

to merely shoot out the tires, not to commit a murder. The trial court instructed the jury that defendant could be guilty of Hernandez's murder on one of two theories—namely, for aiding and abetting that murder, or for aiding and abetting an assault that resulted in that murder. In a general verdict, a jury convicted defendant (and his fellow gang member) of Hernandez's murder and the attempted murder of the passengers, and further found true the allegation that the fellow gang member was armed with a firearm. (§ 12022, subd. (a).) As modified on appeal, the trial court sentenced defendant to 25 years to life on the murder count and a consecutive 12 years and four months on the attempted murder counts. Defendant appealed his conviction, his counsel filed a no-merit brief under *People v. Wende* (1979) 25 Cal.3d 436, and we affirmed his conviction in an unpublished opinion.

## II.    Procedural Background

On February 22, 2019, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." After the People filed two supplemental responses arguing that defendant was not eligible for relief as a matter of law and that section 1170.95 was unconstitutional, the trial court summarily denied the petition because "[s]ubstantial evidence from the record of conviction supports the petitioner's conviction as a direct aider and abettor." Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition because the court's reason for denying relief is incorrect.  Because the trial court's reason for summarily denying relief turns on its interpretation of section 1170.95 and the application of law to undisputed facts, our review of that reason is de novo.  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree murder," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)  A person may be convicted of murder, even after the 2019 changes made to sections 188 and 189, if he (1) "was the actual killer," (2) aided and abetted the actual killer with the intent to kill, or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life."  (§ 189, subd. (e).)  A "'prima facie showing is one that is

4

sufficient to support the position of the party in question.'"
(*Lewis*, at p. 1137, quoting *Aguilar v. Atlantic Richfield Co.*
(2001) 25 Cal.4th 826, 851.)

On the facts of this case, defendant has made the requisite
prima facie showing for relief because his petition alleges that he
was charged with murder under a natural and probable
consequences theory, was convicted of first degree murder, and
"could not now be convicted of first or second degree murder."

To be sure, a trial court evaluating whether a defendant
has made a prima facie showing in a section 1170.95 petition is
not required to accept the petition's allegations at face value and
may also examine the record of conviction—which includes the
transcript from the preliminary hearing as well as any prior
appellate decisions. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138;
*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330; *People v.
Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review
granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47
Cal.App.5th 965, 968 (*Drayton*); *People v. Edwards* (2020) 48
Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481
(*Edwards*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178,
review granted June 24, 2020, S262011 (*Torres*); but see *People v.
Cooper* (2020) 54 Cal.App.5th 106, 121-123, review granted Nov.
10, 2020, S264684 [rejecting *Lewis* and its progeny]; see also
*People v. Woodell* (1998) 17 Cal.4th 448, 451 ["the record of
conviction" includes "the *appellate* court record, including the
appellate opinion"]; *People v. Reed* (1996) 13 Cal.4th 217, 223
["record of conviction" includes "the preliminary hearing
transcript"].) But the contents of the record of conviction defeat a
defendant's prima facie showing only when the record "show[s] *as
a matter of law* that the petitioner is not eligible for relief."

(*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].) A defendant is ineligible for relief *as a matter of law* in cases where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests— upon on a theory of liability that is unaffected by section 1170.95 (that is, on the theory that defendant was the actual killer or directly aided and abetted the killing).

Here, the record of conviction does not establish, *as a matter of law*, that defendant is not eligible for relief. The trial court found that defendant was ineligible for relief because "[s]ubstantial evidence from the record of conviction supports the petitioner's conviction as a direct aider and abettor." However, the fact that substantial evidence supports defendant's conviction on a valid theory does not mean that the record in this case conclusively shows that the jury in his case *actually relied* upon that valid theory or that the jury did not rely on the invalid theory. (*Drayton*, *supra*, 47 Cal.App.5th at p. 968 [in assessing whether a petitioner has established a prima facie case, trial court "should accept the assertions in the petition as true unless facts in the record *conclusively refute them as a matter of law*"], italics added.) To the contrary, the record in this case reveals that the jury was instructed on two theories—one valid under section 1170.95 (that is, direct aiding and abetting) and one invalid under section 1170.95 (that is, natural and probable consequences liability with the underlying crimes being assault and assault with a deadly weapon)—and the jury's general verdict finding defendant guilty does not conclusively establish

6

*which* of these theories the jury actually relied upon in returning that verdict.  (Cf. *Edwards*, *supra*, 48 Cal.App.5th at p. 674 [defendant is ineligible for section 1170.95 relief as a matter of law if the jury is never instructed on an invalid theory].)

The People resist this conclusion.

They argue that we should view the jury's verdict as resting solely on the valid direct aiding and abetting theory because the prosecutor, in closing argument, never expressly argued natural and probable consequences theory liability.  We reject this argument.  Because the jury was instructed on the theory of natural and probable consequences liability as well as two crimes that could provide the target crimes for such liability, because defendant testified that his initial "plan" with his fellow gang member was to shoot out the tires (and hence commit an assault) and then argued these facts in closing, and because the prosecutor never *disclaimed* reliance on the natural and probable consequences theory (see *People v. Russo* (2001) 25 Cal.4th 1124, 1132 [for purposes of whether a unanimity instruction is required, a theory is considered abandoned only if the People affirmatively disclaim it]), the natural and probable consequences theory remained at play and could have provided the basis for the jury's verdict.  Whether it was *likely* the basis is of no concern where, as here, the question is whether the record forecloses relief to the defendant as a matter of law.  Here, it does not.

We are also unpersuaded by *People v. Garcia* (2020) 57 Cal.App.5th 100, 116 (*Garcia*), which holds that summary denial is appropriate if "substantial evidence in the record supports a murder conviction" under a valid theory, even if the record does not conclusively establish as a matter of law that this was the actual theory upon which the jury relied in returning the murder

conviction. *Garcia* openly rejects *Drayton*, *supra*, 47 Cal.App.5th 965. Because *Garcia*'s rationale borrows from the standard that a trial court is to apply at an evidentiary hearing under section 1170.95 rather than at the threshold eligibility stage (*Garcia*, at pp. 115-116), and because *Garcia* empowers a trial court to weigh evidence at the summary denial stage and thereby denies the defendant his statutory right under section 1170.95 to present "new or additional evidence" that might alter the universe of the evidence weighed (§ 1170.95, subd. (d)(3)), we choose to follow *Drayton*.

Because defendant has made a prima facie showing that he is entitled to relief under section 1170.95 and because the record of conviction does not otherwise compel a finding that defendant is ineligible for relief as a matter of law, the trial court's summary denial of his petition was erroneous.

## DISPOSITION

The order is reversed. On remand, the trial court is to appoint counsel and conduct the hearing required by section 1170.95, subdivision (d)(3) at which it is the prosecution's burden to prove beyond a reasonable doubt that defendant is "ineligible for resentencing" under section 1170.95.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

ASHMANN-GERST

9